# Walker v. Frierson.

*Bill for an Accounting.*

(Decided November 21, 1912. 60 South. 57.)

*Partnership; Accounting; Previous Settlement.*—Where complainant filed his action against respondent, his former law partner, for an accounting for fees collected, while complainant was mentally incapacitated to attend to the business, and respondent answered alleging dissolution of the partnership and a settlement, such answer was in the nature of a plea of confession and avoidance, casting the burden upon the respondent to establish such allegation. It is also held that the Chancellor's finding on the facts against the respondent would not be disturbed.

APPEAL from Lauderdale Chancery Court.

Heard before Hon. W. H. SIMPSON.

Bill by S. W. Frierson against A. E. Walker for an accounting. Judgment for complainant and respondent appeals. Affirmed.

[Walker v. Frierson.]

C. E. JORDAN and JOS. H. NATHAN, for appellant. Counsel discuss the facts in the case and insist that the preponderance of the evidence was against the finding of the Chancellor, and that the decision of the Chancellor was therefore wrong, but no authority is cited in support of the contention.

GEORGE P. JONES and H. A. BRADSHAW, for appellee. In support of the legal proposition insisted on in the case, 1st, that partnerships between attorneys are governed by the same principles as commercial partnerships, counsel cite *Denver v. Rone,* 99 U. S. 359; 2nd, that insanity does not ipso facto dissolve a partnership.—30 Cyc. 654; 17 A. & E. Enc. of Law, 1102; 3rd, that a surviving partner of a firm of attorneys is bound to complete all business undertaken or agreed to be done without charge to the partnership for the services rendered in so doing.—*Colgin v. Cummings,* 1 Port. 148; *Offut v. Scott,* 47 Ala. 104; *Little v. Caldwell,* 40 Am. St. Rep. 89. Counsel also discuss the evidence and insist that the finding of the Chancellor was correct and should not be disturbed.

SAYRE, J.—The parties to this suit had been associated as partners in the practice of the law at Florence. In May, 1906, appellee became insane and was thereafter for about 18 months confined to the Bryce Hospital for the insane at Tuscaloosa. After his restoration to health and sanity appellee, returning to his home, found appellant practicing his profession on his own exclusive account. Appellee thereupon resumed the practice in the same way, and demanded an accounting of fees which had been collected by appellant pending his (appellee's) incapacity out of business in the hands of the firm at the time when appellee fell sick. In

[Walker v. Frierson.]

response to this demand appellant said only, writing, "I am quite sure that I am not indebted to you at all in the matters claimed by you." In his subsequent answer to the bill in this cause appellant set up a formal dissolution and complete settlement had between the parties a short time before appellee became insane, and the only question urged on this appeal is the question of fact whether there was a dissolution and settlement as claimed by appellant. The chancellor found this issue against appellant and ordered an accounting. The evidence is in a painful state of conflict, with a likely preponderance of those circumstantial indications, about which no one is accused of misrepresentation or charged with forgetfulness, lending weight to appellee's contention. These indications, including here a certain reasonableness and consistency of the testimony of appellee, point with satisfactory clearness to the conclusion that appellee's deposition as to what transpired about the time of the dissolution and settlement claimed by appellant cannot be disregarded on the ground that appellee had no trustworthy recollection of occurrences of that date. If appellee's testimony is to be taken out of the scale, it must be done on some other ground than that proposed. No good is to be accomplished by a statement of these indications pro and con. Nor can all the grounds of our judgment as to their respective and relative weight and value be extracted from a voluminous record and stated within permissible limits. A statement of them will therefore be pretermitted. Appellant's answer to the demand for an accounting, the answer upon which he insists, is in the nature of a plea of confession and avoidance, and confessedly the burden of proof as to it rests upon him. In view of the rule of decision in such cases we have felt constrained, upon consideration of the entire evi-

dence, to leave the chancellor's conclusion and decree undisturbed.

Affirmed.    All the Justices concur.